IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY MARTIN GREEN,                )
                                     )
                    Petitioner,      )
                                     )
v.                                   )     Case No. 23-3115-JWL
                                     )
D. HUDSON, Warden, USP-Leavenworth,  )
                                     )
                    Respondent.      )
                                     )
_____)

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that he has not received certain credit towards his release date under the First Step Act (FSA). For the reasons set forth below, the Court **denies** the petition.

To obtain habeas relief under Section 2241, petitioner must show that his custody violates the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). Petitioner claims that the Bureau of Prisons (BOP) has violated the governing statutes by refusing to apply certain FSA credits against his sentence. Respondent agrees with petitioner that he has earned 365 days of FSA credit, but it argues that petitioner is ineligible to have that credit applied towards his time in prerelease custody because he has received a medium classification for his risk of recidivism under the PATTERN assessment

tool used by the BOP.  The Court agrees with respondent that petitioner is ineligible to have the credits applied for that reason.[1]

Petitioner first relies on the statutory provision stating that earned FSA credits "shall be applied toward time in prerelease custody or supervised release."  *See* 18 U.S.C. § 3632(d)(4)(C).  That provision, however, merely sets forth the manner in which the credits are to be applied, namely to time in prerelease custody or supervised release.  The statute must be read in conjunction with Section 3624, which explicitly limits the application of earned credits to eligible prisoners.  *See id.* § 3624(g).  For a prisoner seeking to apply credit to time in prerelease custody, one of the requirements for eligibility is either that (1) the prisoner has been determined under the BOP's assessment system "to be a minimum or low risk to recidivate pursuant to the last 2 assessments of the prisoner;" or (2) the warden has approved a petition for the prisoner's transfer to prerelease custody.  *See id.* § 3632(g)(1)(D)(i).  Petitioner does not dispute that he has consistently been assessed as a medium risk to recidivate, including in his latest assessments; accordingly, under the governing statute, petitioner is not eligible to have his FSA credits applied to his time in prerelease custody.[2]

---

[1] In addition, it would appear that petitioner could not have his 365 days of credit applied now because he is not within 365 days of his projected release date of September 21, 2024.  *See* 18 U.S.C. § 3624(g)(1) (to be eligible to have credits applied, earned time credits must equal the remainder of the imposed term of imprisonment).  Respondent has not argued that requirement as a basis for denial of the petition, however.

[2] Petitioner has not cited any authority – and the Court is not aware of any such authority – suggesting that all earned credits must be applied regardless of whether the requirements of Section 3632(g) are satisfied.  Moreover, even if the statute could be Continued…

Petitioner also argues that a minimum or low risk assessment is not actually required in light of Section 3624(g)(1)(B), which states that a prisoner is eligible for application of his earned credits if the prisoner "has shown through the periodic risk assessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk" during the term of imprisonment. *See id.* § 3624(g)(1)(B). Based on that provision, petitioner argues that even if he has not maintained a minimum or low risk, he qualifies by the alternate prong of demonstrating a risk reduction. Again, however, all of the provisions of the statute must be read together, and in Section 3624(g)(1)(D) the statute explains how those two prongs come into play: either the prisoner has achieved a minimum or low risk classification in the last two assessments, *see id.* § 3624(g)(1)(D)(i)(I); or the warden has approved a petition for transfer to prerelease custody or supervised release based on a determination of the prisoner's risk, *see id.* § 3624(g)(1)(D)(i)(II). Petitioner has achieved only a medium risk classification; and there is no indication that petitioner has petitioned the warden for a transfer to prerelease custody. Thus, petitioner has not met either prong of this statutory requirement for application of his earned FSA credits, and therefore the BOP has not violated the statutes by refusing to apply those credits.

Petitioner also takes issue with one aspect of his PATTERN risk assessment by the BOP. In accordance with its policies, the BOP has assigned certain points to petitioner's score because his underlying offense of conviction – being a felon in possession of a

---

considered ambiguous (despite its directly addressing the issue), the BOP's interpretation giving effect to Section 3632(g) is reasonable and thus would be entitled to *Chevron* deference. *See Lopez v. Davis*, 531 U.S. 230, 242 (2001) (deferring to BOP's reasonable interpretation of a statute).

firearm in violation of 18 U.S.C. § 922(g) – is a "violent offense" in the words of the assessment. Petitioner argues that because that offense does not qualify as a "crime of violence" for purposes of 18 U.S.C. § 924(c), which imposes certain sentence enhancements for such crimes, *see id.*, the offense should not count as a "violent offense" for purposes of the PATTERN assessment. The BOP's classification does not violate any statute, however, as Section 924(c)'s definition of "crime of violence" explicitly applies only to the term as used in that subsection, *see id.* § 924(c)(3). The BOP has been given discretion to determine a prisoner's risk of recidivism, and its decision to treat petitioner's particular offense in a particular way in its calculation does not run afoul of the governing statutes – which means that petitioner is not entitled to habeas relief on that basis.

Finally, petitioner challenges the entire PATTERN assessment tool, based on his complaint that the system includes among its 15 factors four that are static, not dynamic, in the sense that petitioner cannot improve his scores for those factors during his term of imprisonment. *See Brown v. Hudson*, 2022 WL 2438380, at *3 (D. Kan. July 5, 2022) (Lungstrum, J.) (listing the static factors as age, whether the underlying offense is a violent one, whether the prisoner is a sex offender, and the prisoner's criminal history score at the time of sentencing). Petitioner relies on Section 3632(a)(4), which charges the Attorney General with creating a system to "reassess the recidivism risk of each prisoner periodically, based on factors including indicators of progress, and of regression, that are dynamic and that can reasonably be expected to change while in prison." *See* 18 U.S.C. § 3632(a)(4). That provision does not prohibit the use of static factors, however. A prisoner's opportunity to improve his or her PATTERN score is based on the presence of

4

11 dynamic factors, in accordance with the mandate of Section 3632(a)(4), and there is no basis to conclude that the evaluation of those dynamic factors in the context of certain static factors violates that mandate and renders the entire system faulty.[3]  Accordingly, the Court rejects this argument as well, and it therefore denies the petition for habeas relief.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 29th day of June, 2023, in Kansas City, Kansas.

<u>/s/  John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge

---

[3] Petitioner has not cited any authority to support such an argument, nor is the Court aware of any such authority.